UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDAH SEIDMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CYTOKINETICS, INCORPORATED, et al.,<br><br>        Defendants. | Case No. 25-cv-07923-RFL<br><br>**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 16, 19 |

        Before the Court are Plaintiff Judah Seidman and Gilbert Rosenthal's motions to appoint lead plaintiff and lead counsel. (Dkt. Nos. 16, 19.) Seidman has filed a Notice of Non-Opposition to Rosenthal's motion. (Dkt. No. 26.) Having reviewed the competing motions, Rosenthal's motion is **GRANTED** and Seidman's motion is **DENIED**. As the movant with the largest financial interest in the outcome of the action that satisfies Rule 23's requirements, Rosenthal meets the requirements for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Rosenthal has selected and retained Pomerantz LLP as Lead Counsel for the class in this action. The Court sees no reason to disagree with Rosenthal's selection.

    **IT IS HEREBY ORDERED THAT:**

1. Gilbert Rosenthal is appointed as Lead Counsel and Pomerantz LLP is appointed as Lead Counsel for the putative class in this shareholder class action.

2. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

    c. to coordinate the examination of witnesses in depositions;

    d. to coordinate the selection of counsel to act as a spokesperson at pretrial

conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

h. to supervise any other matters concerning the prosecution, resolution, or settlement of this Action.

3. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Plaintiff and Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Plaintiff and Lead Counsel.

4. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT<br>
NORTHERN DISTRICT OF CALIFORNIA<br>
SAN FRANCISCO DIVISION

| IN RE CYTOKINETICS, INCORPORATED SECURITIES LITIGATION | Case No. 3:25-cv-07923-RFL |
|---|---|
| THIS DOCUMENT RELATES TO: | <u>CLASS ACTION</u><br>[TITLE OF DOCUMENT] |

5. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said

action.

6. Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel as set forth herein.

7. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

8. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery, or ECF.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery, or by ECF on counsel for registered parties.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

10. The parties shall provide a proposed schedule for Lead Plaintiff's filing of a consolidated complaint and for Defendants' response to the complaint by **January 9, 2026**.  The parties are further advised that Judge Lin's Civil Standing Order requires the plaintiff to file a chart summarizing the information required by 15 U.S.C. § 78u-4(b)(1) and (2) within 14 days of service of the consolidated complaint.

   **IT IS SO ORDERED.**

Dated: December 22, 2025

_____
RITA F. LIN
United States District Judge